## Case No. 10,211.

### In re NEW YORK MAIL STEAMSHIP CO.

[2 N. B. R. 554 (Quarto, 170).] [1]

District Court, S. D. New York. May 3, 1869.

BANKRUPTCY—COUNSEL FEES PRIOR TO ADJUDICATION—PROBABLE DEBT—REFEREE.

1. Where attorneys, among other charges against the assignees, claimed payment of fees out of the general fund for professional services rendered in opposing petitions to have a corporation adjudged an involuntary bankrupt, *held*, that the services were not rendered to the assignee, but to the bankrupt, prior to the adjudication, and the claim was a debt provable in bankruptcy.

[Cited in Re Hennocksburgh, Case No. 6,-367; Re Jaycox, Id. 7,239; Re Ward, 12 Fed. 327.]

[Cited in Re Nounnan, 7 N. B. R. 22.]

2. Referee appointed and ordered to take testimony and report on other claims for services.

[1] [Reprinted by permission.]

[This case is first reported as heard upon the question of removal of one of the assignees. Case No. 10,209. It was then heard upon the matter of allowance of fees to counsel for assignees. Id. 10,210.]

Brown, Hall & Vanderpoel, and Isaiah T. Williams, of New York City, were attorneys for the New York Mail Steamship Co. prior to its adjudication in bankruptcy. A different attorney was employed by the assignees in bankruptcy. Brown, Hall & Vanderpoel, and I. T. Williams claimed that the services rendered by them were a lien on the papers in their hands in the various suits pending at the time of adjudication, in which the company was a party. And it is further claimed by Brown, Hall & Vanderpoel, that the services rendered by them for New York Mail Steamship Co., in opposing the various petitions filed for the purpose of obtaining an adjudication against the company should be paid in full.

BLATCHFORD, District Judge. On the petition in this matter by the assignees for the delivery of papers by attorneys, I have examined the affidavits and other papers submitted to me, but it is impossible for me, on them, to come to any satisfactory conclusion as to some of the questions involved. As to the claim for services rendered to the bankrupts in opposing the petitions to have them declared involuntary bankrupts, those services were rendered prior to the adjudication of bankruptcy, and, therefore, under section nineteen, the debt for them is one provable in bankruptcy, and the services were not rendered to the assignees. As there is no lien on any papers in respect of such services, the debt from them cannot be paid as a preferred debt.

As to the other matters involved, an order will be entered referring to John Sedgwick, Esquire, as a referee to take testimony as to the matters involved in the petitions, affidavits, and bills for professional services herein, and report such testimony, with his opinion on the following points, in each one of the two cases: First. As to what suits ought to be proceeded with by the assignees, either in prosecution or defence. Second. As to whether any and what papers in such suits are in the possession of the attorneys, which are necessary to the assignees in prosecuting or defending the suits which ought to be proceeded with by the assignees either in prosecution or defence. Third. As to whether any and what papers in such suits are in the possession of the attorneys, which are necessary to the assignees in prosecuting or defending the suits which ought to be proceeded with. Fourth. As to the amounts which are due, and unpaid, to such attorneys severally, in respect of professional services rendered by them, in and about the several suits which ought to be proceeded with, which are a lien on such papers, and which ought to be paid

to such attorneys on the delivery by them of such papers to the assignees.

[NOTE. At a subsequent date this claim, with others, was referred to the register to examine proofs. Case No. 10,212. The case was finally heard upon the matter of allowance of counsel fees to petitioning creditor. Id. 10,208.]